

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-85,310-01

### EX PARTE THOMAS LITTLE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 14-0698-CR-C-A IN THE 25TH DISTRICT COURT
### FROM GUADALUPE COUNTY

**KEASLER, J., filed a dissenting opinion in which KELLER, P.J., joined.**

### DISSENTING OPINION

I dissent to the Court's granting Thomas Little habeas relief on the basis of an alleged

double-jeopardy violation.  For the reasons outlined in my concurring opinion in *Ex parte*

*Marascio*,[1] I would deny Little's double-jeopardy claim because his multiple-punishments

double-jeopardy claim may not be raised for the first time in a collateral proceeding.

Instead, I would remand the case to the habeas court to comply with this Court's

remand order instructing the judge to "make findings of fact and conclusions of law as to

---

[1]    *Ex parte Marascio*, 471 S.W.3d 832, 833 (Tex. Crim. App. 2015) (Keasler, J.,
concurring).

whether the performance of [Little's] counsel was deficient and, if so, whether counsel's deficient performance prejudiced [Little]." Although the habeas judge ordered Little's appellate counsel to file an affidavit answering Little's ineffective-assistance-of-counsel claim, the judge did not enter any findings of fact or conclusions of law on this claim. Alternatively, we could grant relief on Little's ineffective-assistance claim in light of counsel's admission that his failure to allege a double-jeopardy violation on direct appeal was deficient conduct.

Because the Court neither remands nor addresses the merits of the only properly-raised claim in Little's application, I dissent.

Filed: April 12, 2017

Do not publish